PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREG RICHARDSON, | ) |
| | ) CASE NO. 4:18CV2364 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| CORRECTIONS OFFICER | ) **MEMORANDUM OF OPINION** |
| AUSTIN HUTCHINS, *et al.*, | ) **AND ORDER** |
| | ) [Resolving ECF Nos. 4, 6, 9, 11, 12, 14, |
| Defendants. | ) 18, 20, and 22] |

## I. Introduction

*Pro se* Plaintiff Greg Richardson, an Ohio prisoner currently incarcerated in the Belmont Correctional Institution ("BCI"), has filed this civil rights action against multiple employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio State Penitentiary ("OSP"). Plaintiff sues ODRC Director Gary Mohr, Interim Director Stuart Hudson, and 10 OSP employees: Warden Richard A. Bowen, Jr., Deputy Wardens Anthony Davis and Bryant Palmer, Correctional Officers Austin Hutchins and Shannon Dennis, Nurse Anthony Turk, Capt. Gary Galloway, Lt. Carey King, Unit Manager Joseph Remish, and Chief of Unit Management Theodore Jackson.

Plaintiff's action pertains to events that occurred at OSP in July 2018. He filed his original complaint (ECF No. 1) in October 2018. In December 2018, he filed an Amended

(4:18CV2364)

Complaint (ECF No. 8).[1] Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 9). After Plaintiff filed a "Motion to Stay [P]rocedure" (ECF No. 11) (apparently seeking additional time to respond to the Motion to Dismiss), which the defendants opposed, Plaintiff re-filed his Amended Complaint (*see* ECF No. 15) and then responded to the Motion to Dismiss in multiple filings. *See* ECF Nos. 16 and 17. Plaintiff also filed a Motion for Sanctions (ECF No. 18).

## II. Plaintiff's Allegations and Claims

Plaintiff alleges that in February 2018, he was confined in the Lake Erie Correctional Institution when Defendant Remish sent an e-mail "asking for prisoner(s) to sign up, willingly, to be transferred to [OSP] to work" in various areas. Plaintiff "agreed to do so, and on March 28, 2018, he was transferred to OSP and given a 'porter's job.'" ECF No. 8 at PageID #: 98.

Plaintiff alleges that "[o]n or before July 2018, an incident occurred" at OSP "causing the authorities to stop allowing the high leveled inmate(s) to cut one another(s)' hair and decided to have a low level inmate cut the high leveled inmate(s)' hair." ECF No. 8 at PageID #: 98. According to Plaintiff, "[a] number of the high leveled inmate(s) heard of the plan and told the authorities that, 'if they assigned a low level inmate to cut their hair, there was going to be a problem.'" ECF No. 8 at PageID #: 98-99. On July 1, 2018, Defendants Remish and Jackson assigned Plaintiff the barber's job to give haircuts to "high leveled inmate(s)" hair. On July 5,

---

[1] Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 4) is granted without opposition. The Amended Complaint (ECF No. 8), deemed filed as of December 11, 2018, is the operative affirmative pleading, and it will be referred to hereinafter either as the "Amended Complaint" or the "complaint."

2

(4:18CV2364)

2018, Defendants Dennis and Hutchins escorted high level inmate "Sallis to the barber shop and, as Sallis walked in, he 'headbutted' the Plaintiff, in the face." Sallis allegedly "tried to headbutt the Plaintiff again, but missed, because the Plaintiff moved and ended up smashing his head into a wall." [ECF No. 8 at PageID #: 99](#).

Plaintiff alleges that Defendants Dennis and Hutchins "broke-up" the altercation and restrained both him and Sallis, and that Defendants Turk, King, and Galloway also "arrived on the scene." Defendant Turk called for Plaintiff to be taken into a room where Plaintiff was asked "to describe what happened." [ECF No. 8 at PageID #: 99](#). Plaintiff was then "escorted to the captain(s)' office," his injuries were photographed, and he was released to go back to his housing unit. [ECF No. 8 at PageID #: 100](#).

Although Plaintiff alleges he met with Defendant Turk immediately after the altercation, Plaintiff alleges he did not receive immediate medical treatment. Instead, Plaintiff asserts he received "medical care" for his injuries "day(s) later." [ECF No. 8 at PageID #: 100](#). He alleges he "sustained the busting of his top and bottom lip(s)," loosened and chipped teeth, and a head injury in the altercation. [ECF No. 8 at PageID #: 101](#).

Plaintiff alleges there is a "standing, regulation" at OSP that low level inmates like him "could not be in the presence of high level prisoner(s), like Sallis" unless they are fully restrained, and that "the failure to fully restrain" Sallis made it possible for Sallis to attack him, for which "all the Defendants, with the exception of Turk, are liable." [ECF No. 8 at PageID #: 100](#).

(4:18CV2364)

In addition, Plaintiff alleges "[t]here is a, standing, regulation, at [OSP] that, prisoner(s) receive medical attention after fight(s) and assault(s)," and that "all the Defendant(s) are liable, for the denial of medical treatment" because he did not receive medical care until days after the assault. ECF No. 8 at PageID #: 100.

Finally, Plaintiff alleges that the "Defendant(s) [retaliated] against [him] by accusing him of passing 'contraband' to a high level prisoner and plac[ing] him in 'segregation', for eight day(s), and, then transferr[ing] him to [BCI]" after he filed this action. ECF No. 8 at PageID #: 102.

Asserting violations of his constitutional rights under the Eighth and Fourteenth Amendments, Plaintiff seeks damages, and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983. ECF No. 8 at PageID #: 96-97, 101-103.

### III. Law and Analysis

In their Motion to Dismiss, Defendants do not address each of Plaintiff's asserted claims against each of the named defendants. Instead, they address only one of Plaintiff's specific claims (*i.e.*, retaliation) and otherwise make general arguments as to why the Amended Complaint (ECF No. 8) should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).[2] It is not necessary for the Court to address Defendants' arguments (several of which the Court does

---

[2] Defendants argue they are entitled to qualified immunity because "there is no evidence that any constitutionally protected right of the [p]laintiff's was violated" (ECF No. 9 at 5); the Eleventh Amendment bars Plaintiff's "official capacity" claims (*id.* at 6); and Plaintiff has not fully exhausted his administrative remedies (even though Plaintiff contends he presented a timely grievance at each step of the required three-step process). (*See id.* at 9-11; ECF No. 3 and ECF No. 8 at PageID #: 103-104.)

4

(4:18CV2364)

not find sufficient to support dismissal of the Amended Complaint (ECF No. 8)) because the Court finds the amended pleading subject to dismissal on its own review under 28 U.S.C. § 1915A.

Section 1915A authorizes a federal district court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to summarily dismiss any such complaint or portion thereof that the Court determines is "frivolous, malicious, or fails to state a claim upon which relief may be granted." The standard for dismissal of a complaint for failure to state a claim under § 1915A is the same as the standard used to decide a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915A). In order to survive a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (quoting *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555. In addition, a complaint may be dismissed if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 544).

Furthermore, although *pro se* pleadings generally are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson*, 551 U.S. at 94, "the

5

(4:18CV2364)

lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* complaint "must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face" to survive dismissal. *Barnett v. Luttrell*, 414 Fed.Appx. 784, 786 (6th Cir. 2011) (emphasis in original) (citation and internal quotation marks omitted). Federal courts are not required to conjure allegations on behalf of *pro se* litigants or construct claims for them. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014).

Upon review under § 1915A, the Court finds that Plaintiff's allegations are insufficient to support a plausible § 1983 claim against any defendant. In order to state a claim, a plaintiff must plead and prove that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 358-59 (6th Cir. 2001).

"[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Therefore, to state a claim under § 1983 against each of the defendants in this case, the Amended Complaint (ECF No. 8) must set forth allegations demonstrating how each of them was personally involved in each rights violation Plaintiff alleges. *See Frazier v. Michigan*, 41 Fed.Appx. 762, 764 (6th Cir. 2002) (affirming dismissal of *pro se* claims when the complaint did

6

(4:18CV2364)

not allege with any degree of specificity which of the named defendants were personally involved in, or responsible for each alleged federal rights violation).

### A. Defendants Mohr, Hudson, Bowen, Davis, and Palmer

The Amended Complaint (ECF No. 8) does not set forth any specific conduct allegations with respect to Defendants Mohr, Hudson, Bowen, Davis, and Palmer. The statements Plaintiff makes regarding these defendants in his opposition briefs (*see, e.g.*, ECF No. 17 at PageID #: 159-60) also do not make clear the specific role he contends each of them played in his alleged unconstitutional mistreatment.[3] It appears Plaintiff contends these defendants are all liable to him on the basis of their overall supervisory responsibilities at ODRC and OSP, or because they denied his grievances. It is well-established, however, that supervisory officials cannot be liable under § 1983 solely on these bases. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (liability may not be imposed on prison officials under § 1983 solely on the basis of *respondeat superior* or on the basis that an official denied an administrative grievance). The Amended Complaint (ECF No. 8) fails to state a § 1983 claim and must be dismissed pursuant to § 1915A as against Defendants Mohr, Hudson, Bowen, Davis, and Palmer because Plaintiff's allegations as to these defendants are either non-existent or they are so general, vague, and conclusory that

---

[3] "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Neumann v. Plastipak Packaging, Inc.*, 1:11-CV-522, 2011 WL 5360705, at *11 (N.D. Ohio Oct. 31, 2011) (Gwin, J.) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)); *see also Guiffre v. Local Lodge No. 1124, United Steelworkers of America*, No. 90-3540, 1991 WL 135576, at *5 (6th Cir. July 24, 1991) ("A party may not rely on wholly new allegations of wrongdoing to resist a motion for summary judgment.").

(4:18CV2364)

they fail to meet basic pleading requirements or suggest plausible claims. *See Iqbal*, 556 U.S. at 678.

### B. Defendants Remish, Jackson, Hutchins, Dennis, King, Galloway, and Turk

Plaintiff has set forth conduct allegations as to these defendants. For the reasons that follow, the Court finds the allegations in the Amended Complaint (ECF No. 8) are not sufficient to support plausible constitutional claims against Defendants Remish, Jackson, Hutchins, Dennis, King, Galloway, and Turk.

#### 1. Retaliation

Prisoners have a right under the First Amendment to engage in protected conduct without retaliation from prison officials. But to establish such claim, a prisoner must show that he engaged in protected conduct, the defendant took an adverse action against him, and there is a causal connection between the prisoner's protected activity and the adverse action taken. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018); *Smith v. Yarrow*, 78 Fed.Appx. 529, 539 (6th Cir. 2003).

Plaintiff broadly asserts that "Defendant(s)" retaliated against him because he was accused and disciplined for passing contraband to a high level prisoner after he filed his complaint in this case. *See* ECF No. 8 at PageID #: 102. But, he has not alleged facts in his amended pleading or his opposition briefs sufficient to support this purely conclusory assertion, or that give rise to a plausible inference that adverse conduct taken against him by any specific defendant was causally connected to his filing the case at bar. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under

(4:18CV2364)

§ 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). The conclusory allegations of retaliation in connection with the adverse actions Plaintiff asserts were taken against him are insufficient to state a plausible claim for relief, and his retaliation claim must be dismissed in accordance with § 1915A, *see Iqbal*, 556 U.S. at 678.

### 2. Medical Care

Plaintiff also has not alleged facts sufficient to support a plausible constitutional claim against any defendant regarding his medical care. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a claim, a plaintiff must establish both objective and subjective components. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). He must demonstrate that his medical condition posed a substantial risk of serious harm to him and that the prison official in question acted with deliberate indifference to the risk. *Id.* at 702-03. "Deliberate indifference is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To satisfy the subjective component, a prisoner must show that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703; *see also Jones v. Muskegon Cty.*, 625 F.3d 935, 941(6th Cir. 2010) ("to prove the required level of culpability, a plaintiff must show

9

(4:18CV2364)

that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk").

Plaintiff's allegations are insufficient to suggest that any defendant was deliberately indifferent to his medical needs. He acknowledges that he was seen by prison officials, including Defendants Turk, Galloway, and King, immediately after the altercation with Sallis. Although Plaintiff complains he did not receive "medical care" for his injuries until "day(s) later," ECF No. 8 at PageID #: 100, he has not alleged facts in the Amended Complaint (ECF No. 8) or in his subsequent briefs sufficient to support a plausible inference that any defendant who saw him after the altercation, including Defendant Turk, subjectively believed he had suffered a serious injury requiring immediate treatment. The incident reports and disposition of grievances Plaintiff filed with his original complaint (ECF No. 1) indicate that Defendant Turk and other responding prison officials did not believe Plaintiff had suffered serious injuries. *See* ECF No. 1-2 at PageID #: 19-21. Furthermore, Plaintiff acknowledges he was provided care, including dental care and an X-ray, after he subsequently complained of a loose tooth, jaw pain, and headaches. He also acknowledges that prison officials did not find he had suffered serious problems even after he received care in connection with his complaints. Affidavit of Statement (ECF No. 18-1) at PageID #: 186.[4]

---

[4] He asserts that the dentist who examined him told him he had "swollen gum(s) and a little abrasion and, loose, teeth" but that "all the pain and discomfort would be gone, soon," and that he was also told his X-ray showed no injuries. ECF No. 18-1 at PageID #: 186.

(4:18CV2364)

Although Plaintiff is apparently dissatisfied with the diagnoses he received and/or the timeliness and level of the care he was provided, a prisoner's disagreement with the level of treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 Fed.Appx. 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("[D]ifferences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim."). When, as here, a prisoner has received some medical care for his condition, he must show that the medical treatment was "so woefully inadequate as to amount to no treatment at all" to make out an Eighth Amendment claim. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). The allegations are insufficient to support such an inference, and Plaintiff's Eighth Amendment claims in connection with his medical treatment must be dismissed.

### 3. Failure to Protect

Finally, the Court finds that Plaintiff has not alleged facts sufficient to support plausible Eighth Amendment claims for the attack on him by Sallis.

Although prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates," including taking reasonable measures "to protect prisoners from violence at the hands of other prisoners," this does not mean that "every injury suffered by one prisoner at the hands of another [ ] translates into constitutional liability for prison officials." *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (citations omitted).

(4:18CV2364)

Prison officials are liable under the Eighth Amendment only when they act with "deliberate indifference" to the prisoner's safety. Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011). To establish a constitutional violation based on a failure to protect, the prisoner must show both that he faced an "objectively" serious risk of harm at the hands of another prisoner and that the prison official in question acted with "deliberate indifference" to that risk. Id. at 766-67. Under the second subjective component, "it is necessary to determine the [prison] official's state of mind." Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." Bishop, 636 F.3d at 766 (quoting Farmer, 511 U.S. at 837). That is, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 766-67. Mere negligence or lack of due care on the part of the prison official is not enough. See McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir. 1988); *see also* Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, does not constitute a deprivation of a constitutional right). If Defendants are shown merely to have failed to act in the face of an obvious risk of which they should have known but did not, they were not "deliberately indifferent" within the meaning of the Eighth Amendment. Farmer, 511 U.S. at 838-842; *see also* Bishop, 636 F.3d at 767 ("a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it").

(4:18CV2364)

Plaintiff's allegations, at most, suggest that Defendants Remish and Jackson, whom Plaintiff alleges assigned him to work in the barbershop, and Defendants Hutchins and Dennis, whom he alleges escorted Sallis into the barbershop without full restraints in violation of OSP policy, were negligent in connection with his safety.  But, he has not alleged facts supporting plausible inferences that any of these defendants, or Defendants King and Galloway (whose role in the events is unclear), knew of and consciously disregarded an objectively serious risk of harm to him.  Although Plaintiff alleges that a number of high level inmates told "the authorities" there was going to be "a problem" if a low level inmate was assigned to cut high level inmates' hair, the vague suggestion of "a problem" is insufficient to demonstrate that Plaintiff faced an objectively serious risk of harm.  But, even assuming Plaintiff's allegations are sufficient to demonstrate he faced an objectively serious risk of harm, he has not alleged facts sufficient to support reasonable inferences that any of the defendants he mentions in his Amended Complaint (ECF No. 8) were aware of the high level prisoners' statements or, more significantly, that any of them actually drew an inference that Plaintiff faced a serious risk of harm as a result.  Plaintiff asserts in an opposition brief in purely conclusory terms that Defendants King, Galloway, Remish, and Jackson had "knowledge" that it was unsafe for him cut high level inmates' hair. ECF No. 17 at PageID #: 158-59.  But, these conclusory assertions of knowledge are insufficient to demonstrate the subjective component of a deliberate indifference claim.

Plaintiff's allegations, while perhaps sufficient to suggest negligence on the part of prison officials in connection with his safety in the barbership, do not support plausible inferences that any defendant mentioned in the Amended Complaint (ECF No. 8) acted with the necessary

13

(4:18CV2364)

subjective state of mind required to support a constitutional deliberate indifference claim. Plaintiff's Eighth Amendment claims pertaining to the attack on him by Sallis will, therefore, also be summarily dismissed.

### C. Plaintiff's Motion for Sanctions (ECF No. 18)

The Court also denies Plaintiff's pending Motion for Sanctions (ECF No. 18). He contends Defense counsel violated Fed. R. Civ. P. 11 in connection with arguments he raised on Defendants' behalf in the Motion to Dismiss. ECF No. 18 at PageID #: 179-80. The Court, however, does not find a Rule 11 violation.

### IV. Conclusion

For all of the foregoing reasons, Plaintiff's § 1983 complaint is dismissed pursuant to 28 U.S.C. § 1915A. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged, including any filed in the Ohio Court of Claims. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

All remaining motions (ECF Nos. 6, 9, 11, 12, 14, 20, and 22) in the case are denied as moot.

IT IS SO ORDERED.

| April 29, 2019 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |